# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:07-cr-34

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| KEVIN ANTHONY HARPER. | ) | |
| | ) | |

**THIS CAUSE** coming on to be heard before the undersigned, pursuant to a letter (#14) sent to the undersigned by the defendant dated August 10, 2007 requesting that new counsel be appointed for him in this cause. Upon the call of this matter on for hearing it appeared that the defendant was present and his attorney, Stanford Clontz, was present and that the Government was represented by Assistant United States Attorney, Richard Edwards and from the statements of the defendant, Mr. Clontz, Mr. Edwards and the records in this cause, the court makes the following findings:

**Findings**. In the bill of indictment filed on April 3, 2007, the defendant was charged with possession of falsely made and counterfeited obligations of the United States in violation of 18 U.S.C. § 472 and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). On May 21, 2007, the defendant filed a plea agreement in which the defendant agreed to plead guilty to the charges as contained in the bill of indictment. Thereafter, on May 30, 2007 the undersigned conducted a Rule 11 proceeding and the defendant entered a plea of guilty to the two charges. A presentence report has been filed by the United States Probation Office. The defendant's counsel has previously moved for an

extension of time to reply to the report and is preparing to file that reply or response by the second week of September 2007.

Mr. Clontz advised the undersigned that the defendant's dissatisfaction with his representation was due to the fact that Mr. Clontz had given an estimate, pursuant to his reading of the United States Sentencing Guidelines, that the defendant would receive a sentence of between three to five years or 36 to 60 months. The pretrial services report suggests a sentence of 140 months. Mr. Clontz had advised the defendant that prior to entering his plea that his estimate was of a sentence of between 36 to 60 months was his opinion and that it would be up to the sentencing judge after analyzing the information in the presentence report to determine what would be the sentence of the defendant.

The court inquired of the defendant as to his reasons as to why he did not wish for Mr. Clontz to represent him. The defendant confirmed the statements of Mr. Clontz that Mr. Clontz had told him that it was his opinion and estimate that the defendant would receive a sentence of between 36 to 60 months or three to five years and that the recommendation contained in a presentence report contained a recommendation of a more extensive and longer sentence.

**Discussion:** An indigent defendant has no right to have a particular lawyer represent him or her and can demand a different appointed attorney only with good cause. United States v Allen, 789 F.2d 90, 92 (1st Cir. 1986). The determination of whether or not the motion for substitution of counsel should be granted is within the discretion of the trial court and the court is entitled to take into account the countervailing state interest in proceeding

on schedule. Morris v Slappy, 461 U.S. 1 (1983). Considering the motion herein, the undersigned has considered the following factors: (1) the timeliness of the motion; (2) inquiry as to the reasons why the defendant does not wish for Mr. Clontz to represent him further; and (3) whether or not there is such a conflict between the defendant and Mr. Clontz that is so great that it has resulted in a total lack of communication preventing an adequate defense. United States v Gallop, 838 F.2d 105 (4th Cir. 1988).

The letter of the defendant was filed on August 10th and was heard by the undersigned on August 27th. It is the opinion of the undersigned there is not sufficient time within which to appoint another attorney and for that attorney to be prepared for the sentencing in this matter. Mr. Clontz, as attorney for the defendant, has knowledge that he has gained during the period of time that he has been representing the defendant which could not be obtained by a new attorney without some significant delay. As a result, this factor must be weighed against granting the motion.

The undersigned inquired as to the reasons for the conflict between the defendant and his attorney. The conflict appears to be solely based upon the defendant's opinion that Mr. Clontz gave to the defendant a possibly incorrect estimate of the possible punishment for the defendant. Mr. Clontz and the defendant agreed that Mr. Clontz told the defendant that his opinion was that of an opinion and was an estimate only. The undersigned is of the opinion that this conflict must be weighed against allowing the motion.

The court has further examined the matter to determine whether or not there is such conflict between the defendant and Mr. Clontz that there is a total lack of communication

between them preventing an adequate defense. At this time, it does not appear to the undersigned that such a conflict exists that is of such a significant nature as would prevent an adequate defense.

After considering all the factors, it appears that there is little time before sentencing within which to appoint another attorney who has the knowledge of the case that Mr. Clontz possesses. As a result of the inquiry made by the undersigned, the undersigned cannot find a good and valid reason for the appointment of another attorney and there does not appear to be a lack of communication between Mr. Clontz and the defendant that would prevent an adequate defense. Based upon the foregoing, the undersigned has determined to enter an order denying the request to substitute counsel that was contained in the defendant's letter of August 10, 2007.

## ORDER

IT IS, THEREFORE, **ORDERED** that the motion (#14) of the defendant to substitute counsel is hereby **DENIED**.

Signed: September 4, 2007

Dennis L. Howell
United States Magistrate Judge