# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:07-CR-34

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| KEVIN ANTHONY HARPER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

THIS CAUSE coming on to be heard, pursuant to a letter (#14) forwarded to the unsigned by the defendant dated August 10, 2007. In a portion of the letter, the defendant appears to request that the undersigned reconsider an order of detention previously entered by this court and it appearing to the court at the call of this matter on for hearing that the defendant was present with his attorney, Stanford Clontz, and that the Government was present through Assistant United States Attorney, Richard Edwards, and from the statements of the defendant, the arguments of counsel for the defendant and the arguments of the Assistant United States Attorney and the records in this cause, the court makes the following findings:

**Findings:** The defendant was charged in a bill of indictment filed on April 3, 2007 with the crime of forgery and possession of a firearm by a convicted felon. On April 16, 2007, the undersigned held a detention hearing for the defendant and entered an oral order of detention which was reduced to writing by the undersigned filed on April 25, 2007. In the

written order of detention, the undersigned stated the following:

> Based upon the foregoing, the undersigned has determined to enter an order detaining the defendant pending further proceedings in this matter. The court will allow the defendant, based upon the United States Pretrial Services Report, to participate in the Jail Based Inpatient Treatment Program, should he choose to do so. If the defendant successfully completes the Jail Based Inpatient Treatment Program, then defendant's counsel may file a motion asking the court to reconsider the detention of the defendant based upon a change of circumstances, that being the defendant's completion of the Jail Based Inpatient Treatment Program. However, the defendant is cautioned that based upon his extensive criminal record it is doubtful that the court would release the defendant unless there was a showing of a substantial change of circumstances.

The defendant was transferred to the Gaston County detention facility so that he could receive treatment through the Jail Based Inpatient Treatment Program. However, on the day before the treatment was to begin, the defendant was transferred back to the Buncombe County, NC detention facility to appear in regard to various state offenses and charges which were pending against the defendant. The defendant was thus unable, through no fault of his own, to receive the treatment at the Jail Based Inpatient Treatment Program. The Jail Basd Inpatient Treatment Program is now inoperable due to problems that the United States Probation Office has had with the treatment provider. While in the Buncombe County detention facility, the defendant has advised that he has participated in the Narcotics Anonymous and Alcoholics Anonymous programs and that he has been in attendance at every session available. The defendant asked that the court consider releasing the defendant due to this treatment and further to provide the defendant with the opportunity to spend time with his children.

**Discussion:** The undersigned has reconsidered the issue of the release of the defendant and incorporates by reference the Order of Detention Pending Trial filed in this matter on April 25, 2007. After reconsidering the issue of detention, the undersigned finds that based upon a reconsideration of the factors and findings as set forth under 18 U.S.C. § 3142(g) that the release of the defendant would create a risk of harm or danger to any other person or the community and makes such findings by clear and convincing evidence. The criminal record of the defendant is extensive. The defendant has seven separate convictions involving controlled substances. Two of those convictions in May of 2005 were convictions of felonies involving the sale and delivery of cocaine. The defendant has been convicted of numerous crimes of assault, including assault on a female, and resisting arrest. An examination of the defendant's record shows that since September 2001 the defendant has been convicted of 13 separate misdemeanors which either involve crimes of violence or driving while license revoked or larceny. The defendant has repeatedly failed to appear in court as he has been required to do and it appears that at the time of his arrest, he was on release on bond on several different offenses, some of which involved felony charges that allegedly occurred on the dates of July 28, 2006, November 4, 2006 and January 24, 2007, and finally on March 27, 2007. The undersigned finds that the release of the defendant would create a risk of harm or danger to any other person or the community. The undersigned further finds, by a preponderance of the evidence, that the release of the defendant would create a risk of flight on his part based upon his repeated failures to appear

on various matters in Buncombe County District Court. Even though all of the charges and convictions of the defendant involve one county, the defendant has been successful in failing to appear in regard to those charges. As a result, the undersigned finds that the release of the defendant would create a risk of flight on his part.

Based upon the foregoing, the undersigned has reconsidered the issue of detention of the defendant and finds that the detention of the defendant is warranted and orders his detention pending further proceedings in this matter.

**ORDER**

WHEREFORE, IT IS **ORDERED** that the letter (#14) sent by the defendant which is considered as a motion to reconsider the detention of the defendant is hereby **DENIED**.

Signed: September 4, 2007

Dennis L. Howell
United States Magistrate Judge